IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES G. HUFFMAN | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-748-MEF |
| | | (WO) |
| SOUTHERN HEALTH SERVICES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Autauga County Metro Jail located in Prattville, Alabama. He files this 42 U.S.C. § 1983 action complaining that he has been denied adequate medical care while housed at the jail. Among the named defendants are the Autauga County Metro Jail and the President and Board of Directors of Southern Health Partners. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Autauga County Metro Jail and the President and Board of Directors of Southern Health Partners prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure

## I. DISCUSSION

*A. The Autauga County Metro Jail*

The Autauga County Metro Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant should be dismissed. *Id.*

*B. The President and Board of Directors of Southern Health Partners*

Plaintiff names the President and Board of Directors of Southern Health Partners as defendants to this cause of action. Plaintiff's complaint does not contain a discernible cause of action against either of these named defendants with respect to the conduct about which he complains. While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Plaintiff's complaint is devoid of any comprehensible cause of action against Defendants President and Board of Directors of Southern Health Partners, and, they are, therefore, due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (liability in a § 1983 action may not be

---

requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

premised upon a theory of *respondeat superior*); *see also Hill v. Dekalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1192 (11th Cir.1994).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Autauga County Metro Jail and the President and Board of Directors of Southern Health Partners be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B);

2.  The Autauga County Metro Jail and the President and Board of Directors of Southern Health Partners be DISMISSED as parties to this complaint; and

3.  This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 11, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation

is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of August 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE